Scott A. Berman (State Bar No. 191460)
Natasha M. Galvez (State Bar No. 287136)
BERMAN NORTH LLP
315 Montgomery Street, Suite 900
San Francisco, CA  94104
Phone: (415) 360-2885
Email:  scott@bermannorth.com;
        natasha@bermannorth.com

Attorneys for Plaintiff
ALYSSA BELARDI

BERMAN NORTH LLP
315 Montgomery Street, Suite 900 • San Francisco, CA 94104
Phone: (415) 360-2885

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ALYSSA BELARDI, an individual, | Case No. 4:26-cv-01231 KAW |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR:** |
| v. | **(1) Failure to Pay Earned Wages (Lab. Code §§ 200 et seq.);** |
| APPEN AI, INC, a Delaware Corporation doing business in the State of California, and DOES 1-10, inclusive, | **(2) Failure to Pay Wages on Time (Lab. Code § 210);** |
| Defendants. | **(3) Waiting Time Penalties (Lab. Code § 201 et seq.);** |
| | **(4) Failure to Provide Proper Wage Statements (Lab. Code §§ 226, 226.3);** |
| | **(5) Gender Discrimination (Gov. Code § 12940 et seq.);** |
| | **(6) FEHA Retaliation (Gov. Code § 12940(h));** |
| | **(7) Equal Pay Act – Pay Disparity (Lab. Code § 1197.5);** |
| | **(8) Equal Pay Act – Retaliation (Lab. Code § 1197.5(k));** |
| | **(9) Retaliation (Lab. Code §§ 98.6, 1102.5);** |
| | **(10) Wrongful Termination in Violation of Public Policy;** |
| | **(11) Breach of Contract;** |
| | **(12) Breach of Implied Covenant of Good Faith and Fair Dealing;** |
| | **(13) Promissory Estoppel;** |

1

FIRST AMENDED COMPLAINT                              Case No.: 4:26-cv- 01231 KAW

(14) **Unfair Business Practices (Bus. &**
**Prof. Code § 17200 et seq.);**
(15) **PAGA (Lab. Code § 2699 et seq.)**

**DEMAND FOR JURY TRIAL**

**Judge: Magistrate Judge Kandis A.**
**Westmore**

Plaintiff ALYSSA BELARDI ("Plaintiff" or "Belardi") and through her undersigned counsel, hereby alleges as follows against Defendant APPEN AI INC. ("Defendant" or "Appen") and DOES 1-10 (collectively "Defendants"):

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this District, including Plaintiff's remote work performed from Contra Costa County, California.

## THE PARTIES

3.      Plaintiff ALYSSA BELARDI is an individual who, at all times relevant herein, worked remotely from the County of Contra Costa, California, and elsewhere as an employee of Appen.

4.      On information and belief, Defendant APPEN AI INC. ("Appen") is, and at all times relevant herein was, a subsidiary or affiliate of Appen Limited, an Australian corporation. At all relevant times, Appen was and is a Delaware corporation with its principal place of business in Kirkland, Washington and/or Chatswood, Australia. Appen was and is licensed to do and doing business in the State of California.

5.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10 and therefore sues these Defendants by such fictitious names. Plaintiff

**FIRST AMENDED COMPLAINT**                                    Case No.: 4:26-cv- 01231 KAW

*BERMAN NORTH LLP*
*315 Montgomery Street, Suite 900 • San Francisco, CA 94104*
*Phone: (415) 360-2885*

will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes that each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged herein and that Plaintiff's injuries as herein alleged were proximately caused by said Defendants.

6. Plaintiff is informed and believes that at all times relevant herein, each Defendant acted as an agent, servant, employee, co-conspirator, alter-ego, and/or joint venturer of the other Defendants, and in doing the things alleged herein acted within the course and scope of such agency, employment, and/or in furtherance of the joint venture. Each Defendant's acts alleged herein were done with the permission and consent of each of the other Defendants.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Prior to filing this action, Plaintiff obtained a Right-to-Sue Notice from the California Civil Rights Department (formerly the Department of Fair Employment and Housing) and has timely exhausted all administrative remedies required as a prerequisite to her claims under the Fair Employment and Housing Act ("FEHA"), Government Code § 12940, et seq.

8. On January 7, 2026, Plaintiff filed a PAGA notice with the Labor and Workforce Development Agency ("LWDA"), notifying the LWDA of Plaintiff's intent to file a civil lawsuit to recover civil penalties for Labor Code violations by Defendants, identifying specific provisions of the Labor Code violated, and providing facts supporting these allegations. On the same date, Plaintiff sent the PAGA notice to Defendants by certified mail. The LWDA did not respond to the Notice within 65 calendar days of the postmark date. Plaintiff has therefore satisfied all prerequisites to asserting PAGA claims. Cal. Lab. Code § 2699.3(a).

## GENERAL ALLEGATIONS

9. Appen specializes in providing data and services for artificial intelligence (AI) and machine learning applications.

//

**BERMAN NORTH LLP**
315 Montgomery Street, Suite 900 • San Francisco, CA 94104
Phone: (415) 360-2885

**FIRST AMENDED COMPLAINT**                    Case No.: 4:26-cv- 01231 KAW

10.    In October 2023, Appen hired Plaintiff as a Strategic Account Executive. Plaintiff commenced her employment in November 2023. Belardi received positive performance feedback throughout her tenure at Appen.

11.    In March 2024, Andrew Ettinger, Appen's Chief Revenue Officer, and Belardi executed the Appen Fiscal Year 2024 Sales Compensation Plan (the "FY 2024 Plan").

12.    The FY 2024 Plan provided that Belardi would receive a base salary plus commissions. Commissions were based on revenue generated on accounts assigned to Plaintiff. For revenue up to and including the quota amount, a base commission rate applied. For revenue above quota, higher commission rates applied, ranging from 125%, 150%, 200% to 250% of the base rate. Appen refers to these above-quota rates as "multipliers" or "accelerators."

13.    On or about July 2024, Defendants assigned Plaintiff to work on the Amazon account. Afterwards, Belardi's direct supervisor informed her that revenue generated from Amazon counted toward her quota under the FY 2024 Plan. Members of Appen's finance department confirmed the same.

14.    Later in 2024, Belardi exceeded her quota by a substantial amount. However, Appen continued to pay Belardi at the base commission rate and not at the higher accelerator rates. At various times in late 2024, Belardi complained to managers, executives, and human resources representatives that Appen had failed to pay her at the applicable higher accelerator rates.

15.    Appen also failed to pay Belardi earned commissions and accelerators on the first $700,000 in monthly revenue from Amazon, excluding this revenue from commission calculations.

16.    For the first four months of 2025, Appen failed to provide Belardi a compensation plan. During the same period, Appen failed to pay, or delayed payment of, all commissions that Belardi had earned at the end of 2024 and during the first four months of 2025. Belardi repeatedly complained that Appen required her to work for months without a compensation plan and was delaying payment of her earned commissions.

BERMAN NORTH LLP
315 Montgomery Street, Suite 900 • San Francisco, CA 94104
Phone: (415) 360-2885

4

**FIRST AMENDED COMPLAINT**                                    Case No.: 4:26-cv- 01231 KAW

17.     At the end of April 2025, Appen issued the 2025 Compensation Plan ("FY 2025 Plan") to Belardi. At that time, Belardi learned for the first time that Appen had, among other things, increased her quota by a factor of almost 10x and decreased her base commission rate by a factor of almost 10x. Appen then unlawfully and retroactively applied the new terms to all revenue generated after January 1, 2025.

18.     The FY 2025 Plan was materially less favorable than the plan offered to Brian Jenkins ("Jenkins"), a new male hire to the Strategic Sales team who was performing substantially similar work.

19.     In or around April and/or May 2025, Belardi complained to Appen managers, executives, and human resources representatives that the disparity between her compensation plan and Jenkins' compensation plan was the product of gender discrimination. In response, Appen leaders told Belardi she was being unreasonable and irrational, and ignored her complaints.

20.     In or around April and/or May 2025, Belardi also complained to managers, executives, and human resources representatives about Appen's failure to pay her earned commissions and accelerators under the FY 2024 Plan.

21.     On June 27, 2025, Appen retaliated against Belardi for her ongoing opposition to Appen's unlawful conduct by terminating her employment. It was subsequently revealed that Appen's CEO terminated Belardi because he felt she was unhappy with her job and her heart was no longer in it.

22.     Shortly after Belardi's termination, Appen replaced Belardi with a male Strategic Account Executive.

23.     After Belardi's termination, Appen attempted to justify non-payment of certain commissions on the grounds that it had secretly, unilaterally, and retroactively changed the terms of her FY 2024 Plan without notice to, or consent from, Belardi.

//

//

//

BERMAN NORTH LLP
315 Montgomery Street, Suite 900 • San Francisco, CA 94104
Phone: (415) 360-2885

**FIRST AMENDED COMPLAINT**                                    Case No.: 4:26-cv- 01231 KAW

BERMAN NORTH LLP
315 Montgomery Street, Suite 900 • San Francisco, CA 94104
Phone: (415) 360-2885

# FIRST CAUSE OF ACTION
## FAILURE TO PAY EARNED WAGES
### (Lab. Code §§ 200, *et seq.*)
### (Against All Defendants)

24.     Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

25.     Throughout Plaintiff's employment, Defendants failed and refused to pay Plaintiff all wages that she earned, as required by the California Labor Code and applicable regulations.

26.     California Labor Code §§ 200, et seq. requires employers to pay all wages owed to employees, including without limitation, minimum wages, overtime pay, commissions, bonuses, accrued vacation, and other compensation.

27.     Defendants failed to pay Plaintiff all wages, including without limitation, Plaintiff's earned commissions and accelerators under the FY 2024 Plan.

28.     As a legal and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages, including but not limited to, loss of commissions, bonuses, accrued vacation, and other compensation.

29.     Pursuant to California Labor Code § 218.6, Plaintiff is entitled to recover interest on all due and unpaid wages at the legal rate from the date the wages were due and payable.

30.     Pursuant to California Labor Code § 218.5, Plaintiff is entitled to reasonable attorneys' fees and costs.

31.     Pursuant to Labor Code § 558.1, Defendants are liable as employers or other persons acting on behalf of an employer, including as an owner, director, officer, or managing agent of the employer.

//

//

//

//

**FIRST AMENDED COMPLAINT**                                    **Case No.: 4:26-cv- 01231 KAW**

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY WAGES ON TIME**
**(Lab. Code § 210)**
**(Against All Defendants)**

32.     Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

33.     California Labor Code §§ 204, 204b, 204.2, and 1197.5 require employers to pay employees at specified intervals.

34.     As alleged above, Defendants failed to pay Plaintiff's wages at the required intervals, including failing to pay commissions on time and delaying payment of earned compensation throughout 2024 and the first four months of 2025, in violation of the foregoing sections.

35.     Pursuant to California Labor Code § 210, Plaintiff is entitled to recover penalties against Defendants for failure to pay wages on time.

36.     Pursuant to California Labor Code § 218.5, Plaintiff is entitled to reasonable attorneys' fees and costs.

37.     Pursuant to Labor Code § 558.1, Defendants are liable as employers or persons acting on behalf of an employer.

**THIRD CAUSE OF ACTION**
**WAITING TIME PENALTIES**
**(Lab. Code §§ 201, 203)**
**(Against All Defendants)**

38.     Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

39.     California Labor Code § 201 requires employers to pay all wages owed to employees upon their termination.

40.     California Labor Code § 203 provides that if an employer willfully fails to pay wages in accordance with Labor Code § 201, the wages of the employee shall continue as a penalty from the due date for up to a maximum of 30 days.

//

BERMAN NORTH LLP
315 Montgomery Street, Suite 900 • San Francisco, CA 94104
Phone: (415) 360-2885

7

**FIRST AMENDED COMPLAINT**                    Case No.: 4:26-cv- 01231 KAW

41.    As alleged above, Defendants were aware that they owed Plaintiff earned compensation but willfully refused to pay those amounts on Plaintiff's last day of employment.

42.    Defendants' failure to pay was willful in that Defendants knew they owed Plaintiff compensation as alleged above but consciously failed to provide such compensation upon Plaintiff's termination on June 27, 2025.

43.    Pursuant to California Labor Code § 203, Plaintiff is entitled to recover one day's wages for each day that Defendants have failed to pay wages due and owing, up to a maximum of 30 days' wages, in an amount to be proven at trial.

44.    Pursuant to California Labor Code § 218.5, Plaintiff is entitled to reasonable attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**
**(Lab. Code §§ 226, 226.3)**
**(Against All Defendants)**

45.    Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

46.    Defendants failed to provide Plaintiff with timely and accurate wage statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing her, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate, as required by California Labor Code § 226(a).

47.    Based on the conduct alleged herein, Defendants are liable for penalties pursuant to Labor Code §§ 226(e) and 226.3.

48.    Pursuant to Labor Code § 226(e), Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

//

//

BERMAN NORTH LLP
315 Montgomery Street, Suite 900 • San Francisco, CA 94104
Phone: (415) 360-2885

**FIRST AMENDED COMPLAINT**                    Case No.: 4:26-cv- 01231 KAW

BERMAN NORTH LLP
315 Montgomery Street, Suite 900 • San Francisco, CA 94104
Phone: (415) 360-2885

**FIFTH CAUSE OF ACTION**
**GENDER DISCRIMINATION IN VIOLATION OF FEHA**
**(Gov. Code § 12940, et seq.)**
**(Against All Defendants)**

49. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

50. Government Code § 12940, et seq., prohibits employers from discriminating against employees on the basis of sex/gender.

51. By its acts and omissions alleged above, Defendants intentionally deprived Plaintiff of equal employment opportunities by denying her equal pay, reducing, delaying, and/or denying her compensation, reassigning or denying her work opportunities, assignments, and accounts, and terminating her employment on the basis of Plaintiff's sex/gender (female).

52. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has suffered, and will continue to suffer, physical, mental, and psychological damages in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress.

53. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, a loss of wages, salary, bonuses, compensation, stock, stock options, employment benefits, and career opportunities, in amounts to be proven at trial.

54. In acting as alleged above, Defendants acted maliciously, fraudulently, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. The persons who committed the unlawful acts were officers, directors, and/or managing agents of Defendants acting within the scope of their employment. Plaintiff is therefore entitled to recover punitive damages in amounts to be proven at trial.

55. Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to Government Code § 12965(c).

//

**FIRST AMENDED COMPLAINT**                    Case No.: 4:26-cv- 01231 KAW

BERMAN NORTH LLP
315 Montgomery Street, Suite 900 • San Francisco, CA 94104
Phone: (415) 360-2885

## SIXTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF FEHA
### (Gov. Code § 12940(h))
### (Against All Defendants)

56.     Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

57.     As alleged above, in or around April and May 2025, Plaintiff protested and complained about sex discrimination and/or conduct that Plaintiff reasonably believed constituted sex discrimination to Appen managers, executives, and human resources representatives.

58.     By its acts and omissions alleged above, Defendants subjected Plaintiff to adverse employment actions, including denying her equal pay, reducing, delaying, and/or denying her compensation, reassigning or denying her work opportunities and accounts, and terminating her employment.

59.     Defendants engaged in the above-alleged adverse actions in retaliation for Plaintiff's protected activity of complaining of violations under FEHA, Government Code § 12940, et seq., or conduct that Plaintiff reasonably believed violated FEHA.

60.     As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has suffered, and will continue to suffer, a loss of wages, salary, bonuses, compensation, commissions, accelerators, stock, stock options, employment benefits, and career opportunities, in amounts to be proven at trial.

61.     As a direct and proximate result of Defendants' misconduct, Plaintiff has suffered, and will continue to suffer, physical, mental, and psychological damages in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress.

62.     The conduct of Defendants was malicious, fraudulent, despicable, and oppressive, done with the wrongful intent of injuring Plaintiff. The persons who committed the unlawful acts were officers, directors, and/or managing agents of Defendants acting within //

**FIRST AMENDED COMPLAINT**                                    Case No.: 4:26-cv- 01231 KAW

BERMAN NORTH LLP
315 Montgomery Street, Suite 900 • San Francisco, CA 94104
Phone: (415) 360-2885

the scope of their employment, thereby entitling Plaintiff to punitive damages in amounts to be proven at trial.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF THE EQUAL PAY ACT – GENDER-BASED PAY DISPARITY
### (Lab. Code §§ 1197.5, 1194.5)
### (Against All Defendants)

63.     Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

64.     Defendants were at all relevant times required to comply with the California Equal Pay Act, Cal. Lab. Code § 1197.5.

65.     As alleged above, Defendants compensated Plaintiff at a lower rate than Defendants compensated male employees, including Jenkins, who performed substantially similar work as Plaintiff considering the overall combination of skill, effort, and responsibility required, while working under similar working conditions.

66.     As a result of Defendants' violation of California Labor Code § 1197.5, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost earnings, lost wages, lost commissions, lost benefits, and other financial loss, as well as non-economic damages.

67.     Pursuant to Lab. Code §§ 1197.5(c) and (h), Plaintiff is entitled to recover unpaid wages, interest, and liquidated damages in an amount equal to the wages and interest of which Plaintiff was deprived.

68.     Pursuant to Lab. Code § 1197.5(h), Plaintiff is entitled to reasonable attorneys' fees and costs.

### EIGHTH CAUSE OF ACTION
### VIOLATION OF THE EQUAL PAY ACT – RETALIATION
### (Lab. Code § 1197.5(k))
### (Against All Defendants)

69.     Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

//

---

11

**FIRST AMENDED COMPLAINT**                              **Case No.: 4:26-cv- 01231 KAW**

70. Defendants were at all relevant times required to comply with the California Equal Pay Act, Cal. Lab. Code § 1197.5.

71. As alleged above, beginning in April 2025 and through June 2025, Plaintiff attempted to enforce and/or assisted in the enforcement of the right to equal pay by repeatedly reporting her reasonably held belief that Defendants were violating the California Equal Pay Act by paying Jenkins more than Defendants were paying Plaintiff, expressly stating in writing that she believed the difference in pay was discriminatory.

72. Beginning in April 2025 and continuing through her termination on June 27, 2025, Defendants engaged in adverse employment actions against Plaintiff, including denying her equal pay, denying her employment benefits, reducing and/or denying her compensation, denying her work opportunities and accounts, and terminating her employment.

73. Plaintiff's pursuit of her right to equal pay was a substantial motivating reason for Defendants' adverse employment actions.

74. As a result of Defendants' retaliatory conduct, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost earnings, lost benefits, and other financial loss, as well as non-economic damages.

### NINTH CAUSE OF ACTION
### RETALIATION FOR OPPOSING UNLAWFUL CONDUCT
### (Lab. Code §§ 98.6, 1102.5)
### (Against All Defendants)

75. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

76. Labor Code § 98.6 prohibits employers from discharging an employee or discriminating, retaliating, or taking any adverse action against any employee because the employee made a written or oral complaint that wages are owed or has exercised rights under the Labor Code.

77. Labor Code § 1102.5 prohibits employers from retaliating against an employee for disclosing information to a person with authority over the employee if the employee has

//

BERMAN NORTH LLP
315 Montgomery Street, Suite 900 • San Francisco, CA 94104
Phone: (415) 360-2885

12

**FIRST AMENDED COMPLAINT**                    Case No.: 4:26-cv- 01231 KAW

BERMAN NORTH LLP
315 Montgomery Street, Suite 900 • San Francisco, CA 94104
Phone: (415) 360-2885

reasonable cause to believe that the information discloses a violation of a state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

78.     As alleged above, Defendants engaged in conduct that violated, or that Plaintiff reasonably believed violated, numerous local, state, and federal statutes and regulations, including without limitation FEHA, Government Code § 12940, et seq., the California Equal Pay Act, Lab. Code § 1197.5, and Labor Code provisions requiring timely payment of wages and other compensation.

79.     Plaintiff repeatedly complained to managers, executives, and human resources about Defendants' failure to pay her wages and other compensation, gender discrimination, Equal Pay Act violations, and other unlawful conduct.

80.     By its acts and omissions, Defendants subjected Plaintiff to adverse employment actions, including denying her equal pay, reducing, delaying, and/or denying her compensation, reassigning or denying her work opportunities and accounts, and terminating her employment.

81.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, a loss of wages, salary, bonuses, compensation, commissions, accelerators, employment benefits, and career opportunities, in amounts to be proven at trial.

82.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, mental and psychological damages in the form of extreme and enduring worry, humiliation, embarrassment, mental anguish, and emotional distress.

83.     Defendants committed the unlawful acts described above with oppression, fraud, and/or malice justifying punitive damages. Each Defendant acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious disregard of Plaintiff's rights. An officer, director, or managing agent of Defendants was personally guilty of the conduct; and/or Defendants authorized and/or ratified the foregoing conduct.

//

**FIRST AMENDED COMPLAINT**                              Case No.: 4:26-cv- 01231 KAW

84. Pursuant to California Labor Code § 1102.5(j), Plaintiff is entitled to reasonable attorneys' fees and costs.

## TENTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against All Defendants)

85. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

86. It is a fundamental public policy of California that: employers pay employees earned wages as required by Labor Code §§ 200-204, 210, 216, and applicable regulations; employers not discriminate against employees on the basis of gender, as reflected in Government Code § 12940, et seq.; employers pay equal wages to men and women for substantially similar work, as reflected in Labor Code § 1197.5; and employers not retaliate against employees who disclose or complain about violations of the Labor Code or FEHA, as reflected in Labor Code §§ 98.6, 1102.5, and 1197.5, and Government Code § 12940(h).

87. As described above, Plaintiff complained to Defendants about their failure to pay her earned wages as required by law, about gender discrimination, and about gender-based pay disparities. Defendants terminated Plaintiff's employment because she made these protected complaints.

88. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, a loss of wages, salary, bonuses, compensation, commissions, accelerators, stock, stock options, employment benefits, and career opportunities, in amounts to be proven at trial.

89. As a direct and proximate result of Defendants' misconduct, Plaintiff has suffered, and will continue to suffer, physical, mental, and psychological damages in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress.

90. Defendants committed the unlawful acts described above with oppression, fraud, and/or malice justifying punitive damages. An officer, director, and/or managing agent

BERMAN NORTH LLP
315 Montgomery Street, Suite 900 • San Francisco, CA 94104
Phone: (415) 360-2885

14

**FIRST AMENDED COMPLAINT**                    Case No.: 4:26-cv- 01231 KAW

of Defendants was personally guilty of the conduct; and/or Defendants authorized and/or ratified the foregoing conduct, entitling Plaintiff to punitive damages.

## ELEVENTH CAUSE OF ACTION
### BREACH OF CONTRACT
#### (Against All Defendants)

91.     Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

92.     In March 2024, Appen and Belardi executed the FY 2024 Plan, constituting a binding contract between the parties.

93.     Plaintiff performed all conditions, covenants, and obligations required of her under the FY 2024 Plan.

94.     Defendants breached the FY 2024 Plan by: failing to pay Plaintiff earned commissions and accelerators due and owing; failing to pay Plaintiff earned commissions on the first $700,000 in monthly revenue from the Amazon account; applying a reduced base commission rate to revenue generated during the first four months of 2025; and by delaying payment of earned commissions in 2024 and 2025.

95.     As a direct and proximate result of Defendants' breaches, Plaintiff has suffered damages in amounts to be proven at trial, plus interest.

## TWELFTH CAUSE OF ACTION
### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
#### (Against All Defendants)

96.     Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

97.     The FY 2024 Plan, like every contract, contains an implied covenant of good faith and fair dealing that obligates each party to perform the terms and conditions of the contract fairly and in good faith and to refrain from doing any act that would deprive the other party of the benefits of the contract.

//

BERMAN NORTH LLP
315 Montgomery Street, Suite 900 • San Francisco, CA 94104
Phone: (415) 360-2885

15

**FIRST AMENDED COMPLAINT**                                    Case No.: 4:26-cv- 01231 KAW

BERMAN NORTH LLP
315 Montgomery Street, Suite 900 • San Francisco, CA 94104
Phone: (415) 360-2885

98.     Plaintiff performed all terms, conditions, and covenants required of her, except for those excused, waived, or prevented by Defendants.

99.     Defendants breached the implied covenant of good faith and fair dealing by purporting to modify the FY 2024 Plan: (i) arbitrarily; (ii) retroactively; (iii) without a written, signed agreement; (iv) without notice to Plaintiff; and (v) without Plaintiff's consent — all to deprive her of the benefits of the contract.

100.     Defendants further breached the implied covenant by issuing the FY 2025 Plan in late April 2025 and purporting to apply its terms retroactively to January 1, 2025.

101.     As a result of Defendants' breach, Plaintiff has suffered and continues to suffer losses and damages, including but not limited to lost wages, commissions, accelerators, stock, equity, stock options, and career opportunities, in addition to consequential damages.

## THIRTEENTH CAUSE OF ACTION
## PROMISSORY ESTOPPEL
### (Against All Defendants)

102.     Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

103.     In March 2024, Appen and Belardi executed the FY 2024 Plan, which provided for the payment of base salary, a base commission rate for revenue under quota, and multiplier/accelerator rates for revenue above quota.

104.     On or about July 2024, Defendants assigned Plaintiff to work on the Amazon account.  Thereafter, Plaintiff's direct manager represented to Belardi that revenue generated from Amazon counted toward Belardi's quota under the FY 2024 Plan. Members of Appen's finance department confirmed the same.

105.     Plaintiff reasonably relied on these representations by continuing to work for Defendants and by generating revenue on the Amazon account and other assigned accounts.

106.     As a direct and proximate result of Defendants' failure to fulfill their promises, Plaintiff has suffered and will continue to suffer damages, including lost wages, salary, commissions, bonuses, income, benefits, equity, and other compensation.

**FIRST AMENDED COMPLAINT**                    Case No.: 4:26-cv- 01231 KAW

**FOURTEENTH CAUSE OF ACTION**
**UNLAWFUL AND UNFAIR BUSINESS PRACTICES**
**(Cal. Bus. & Prof. Code § 17200, et seq.)**
**(Against All Defendants)**

107.    Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

108.    California Business and Professions Code § 17200, et seq. (the "UCL") prohibits any unlawful, unfair, or fraudulent business act or practice.

109.    Defendants' policies and/or practices of discriminating against female employees, paying female employees less than male employees for substantially similar work, failing to pay or timely pay compensation in accordance with Labor Code requirements, and implementing compensation practices that disadvantage female employees constitute business practices because Defendants' acts and omissions have been done repeatedly over a significant period of time in a systematic manner, to the detriment of Plaintiff.

110.    Defendants' acts and omissions, as alleged herein, violate the California Equal Pay Act (Lab. Code § 1197.5) and other provisions of the California Labor Code requiring timely payment of wages and compensation, including Lab. Code §§ 201, 203, 210, and 216, as well as FEHA provisions prohibiting gender discrimination and retaliation, and therefore constitute unlawful business practices under Bus. & Prof. Code § 17200, et seq.

111.    Defendants' business practices caused harm to Plaintiff that outweighs any justification Defendants may have.  Defendants' practices are immoral, unethical, oppressive, unscrupulous, and contrary to California's established public policies of ensuring equal pay for substantially similar work and prohibiting gender discrimination and retaliation in the workplace.

112.    As a result of Defendants' unlawful and/or unfair business practices, Defendants have reaped unfair and unlawful profits at Plaintiff's expense. Accordingly, Defendants should be disgorged of their ill-gotten gains, and Plaintiff is entitled to restitution with interest in an amount to be proven at trial.

//

**BERMAN NORTH LLP**
315 Montgomery Street, Suite 900 • San Francisco, CA 94104
Phone: (415) 360-2885

17

**FIRST AMENDED COMPLAINT**                    Case No.: 4:26-cv- 01231 KAW

113. Defendants' unlawful and/or unfair business practices entitle Plaintiff to preliminary and permanent injunctive relief and other equitable relief available under law.

### FIFTEENTH CAUSE OF ACTION
### VIOLATIONS OF THE PRIVATE ATTORNEYS GENERAL ACT OF 2004
### (Lab. Code § 2699, *et seq.*)
### (Against All Defendants)

114. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

115. Plaintiff brings this claim on behalf of herself and all other current and former employees of Defendants pursuant to the Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code § 2699, et seq. PAGA permits an aggrieved employee on behalf of herself and other current or former employees to bring a civil action to pursue civil penalties for Labor Code violations. Cal. Lab. Code §§ 2699(a), 2699.3(a), 2699.5.

116. Plaintiff complied with the pre-filing notice and exhaustion requirements of Labor Code § 2699.3. On January 7, 2026, Plaintiff filed a notice with the LWDA, notifying the LWDA of Plaintiff's intent to file a civil lawsuit to recover specified PAGA penalties, citing specific Labor Code provisions violated by Defendants, and providing supporting facts. On the same date, Plaintiff sent the notice by certified mail to Defendants. The LWDA did not respond to the notice within 65 calendar days of the postmark date. Plaintiff's PAGA Notice is attached hereto as **Exhibit A**.

117. Plaintiff is informed and believes that Defendants made decisions: (i) not to pay certain commissions and accelerators owed to Belardi; (ii) to delay payment of earned commissions; (iii) to delay release of Belardi's 2025 compensation plan; (iv) to issue inaccurate wage statements to Belardi; (v) not to pay commissions at the applicable base commission rate; and (vi) not to pay all earned commissions on Belardi's last day of employment. Defendants willfully refused to pay Belardi despite her repeated requests.

118. Plaintiff is informed and believes that Defendants also: (i) required California-based employees to work without written commission plans; (ii) failed to set forth the method by which commissions would be computed and paid; (iii) failed to pay or delayed payment of

BERMAN NORTH LLP
315 Montgomery Street, Suite 900 • San Francisco, CA 94104
Phone: (415) 360-2885

**FIRST AMENDED COMPLAINT**                                    Case No.: 4:26-cv- 01231 KAW

BERMAN NORTH LLP
315 Montgomery Street, Suite 900 • San Francisco, CA 94104
Phone: (415) 360-2885

commissions and incentive compensation to California-based employees; (iv) imposed discriminatory compensation on female employees; and (v) dismissed or forced the resignation of at least five other women in sales, including at least one who raised concerns about Appen's discriminatory payment practices before the end of her employment.

119.   Defendants' conduct violated numerous provisions of the Labor Code, including without limitation:

a.   Labor Code § 98.6(a) (retaliation for making a written or oral complaint about unpaid wages);

b.   Labor Code § 201 (failure to timely pay wages upon involuntary discharge);

c.   Labor Code § 202 (failure to timely pay wages upon voluntary departure);

d.   Labor Code § 203 (waiting-time penalties for failure to pay wages of an employee who is discharged or who quits, for up to thirty days);

e.   Labor Code §§ 204 and 204(a) (failure to pay all earned wages on semi-monthly pay dates);

f.   Labor Code § 216 (willful refusal to pay wages due after demand has been made);

g.   Labor Code § 223 (secretly paying a lower wage while purporting to pay the wage designated by contract);

h.   Labor Code § 226(a) (wage statement violations);

i.   Labor Code § 1174(d) (failure to maintain payroll records);

j.   Labor Code § 1197.5(a) (pay discrimination on the basis of sex);

k.   Labor Code § 1197.5(k) (retaliation for complaints of pay discrimination on the basis of sex); and

l.   Labor Code § 2751(a) (all commission-based employment agreements must be in writing and include when commissions are earned and paid).

120.   Plaintiff seeks all available remedies, including unpaid principal amounts, penalties, injunctive relief, interest, and attorneys' fees and costs, under the Labor Code, including the following:

//

19

**FIRST AMENDED COMPLAINT**                                  Case No.: 4:26-cv- 01231 KAW

a. Lab. Code § 98.6(b): reinstatement and reimbursement for lost wages and work benefits, plus $10,000 per employee per violation;

b. Lab. Code § 210: $100/$200 per pay period per employee, plus 25% of withheld wages, for violations of Lab. Code §§ 204, 1197.5;

c. Lab. Code § 225.5: $100/$200 plus 25% of withheld amounts, for violations of Lab. Code §§ 216, 223;

d. Lab. Code § 226(e): the greater of actual damages or $50 per pay period for the initial violation and $100 per employee per subsequent violation, up to an aggregate of $4,000, plus costs and attorneys' fees;

e. Lab. Code § 226.3: $250/$1,000 per employee per pay period per violation of Lab. Code § 226(a);

f. Lab. Code § 256: waiting-time penalties up to 30 days for violations of Lab. Code § 203;

g. Lab. Code § 1174.5: $500 for recordkeeping violations of Lab. Code § 1174;

h. Lab. Code § 1197.5(c): wages of which Plaintiff was deprived, interest, and equal liquidated damages;

i. Lab. Code § 1197.5(h): balance of wages and interest, equal liquidated damages, costs, and attorneys' fees; and

j. Lab. Code § 2699(f)(2): civil penalties of $100 per employee per pay period for initial violations and $200 per employee per pay period for subsequent violations.

121.    Pursuant to Labor Code § 2699(k), Plaintiff also seeks injunctive relief and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alyssa Belardi prays for judgment against Defendants as follows:

1.    For compensatory damages, including unpaid wages, commissions, accelerators, employment benefits, back pay, front pay, lost career opportunities, and all other economic damages, in amounts to be proven at trial;

//

BERMAN NORTH LLP
315 Montgomery Street, Suite 900 • San Francisco, CA 94104
Phone: (415) 360-2885

**FIRST AMENDED COMPLAINT**                    Case No.: 4:26-cv- 01231 KAW

BERMAN NORTH LLP
315 Montgomery Street, Suite 900 • San Francisco, CA 94104
Phone: (415) 360-2885

2.      For general damages, including physical, mental, and psychological suffering in the form of worry, humiliation, embarrassment, mental anguish, emotional distress, and damage to reputation, in amounts to be proven at trial;

3.      For all other actual, consequential, and/or incidental damages;

4.      For punitive and exemplary damages;

5.      For declaratory relief, restitution, disgorgement of Defendants' ill-gotten gains, and injunctive relief pursuant to, among other statutes, Labor Code § 2699(k);

6.      For civil penalties pursuant to, among other provisions, Labor Code §§ 98.6(b), 203, 210, 225.5, 226(e), 226.3, 226.6, 256, 1174.5, 1197.5(c), 1197.5(h), 1197.5(k), and 2699(f)(2);

7.   For attorneys' fees and costs pursuant to, among other provisions, Labor Code §§ 218.5, 226(e), 1102.5(j), 1197.5(h), 2699(k), Code of Civil Procedure § 1021.5, and Government Code § 12965(c);

8.      For pre-judgment interest at the maximum legal rate pursuant to, among other provisions, Labor Code §§ 218.6, 1197.5(c) and (h);

9.      For restitution, including but not limited to, unpaid wages and commissions;

10.     For costs of suit; and

11.     For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Alyssa Belardi hereby demands a trial by jury on all issues so triable.

Date: June 22, 2026                                      BERMAN NORTH LLP


                                                        *Scott A. Berman*
                                                        Scott A. Berman
                                                        Natasha M. Galvez
                                                        Attorneys for Plaintiff
                                                        ALYSSA BELARDI

**FIRST AMENDED COMPLAINT**                             Case No.: 4:26-cv- 01231 KAW